# MARIA RIOS, Viuda de Rubio,

*v.*

# J. PALOU & COMPANY.

San Juan, Law, No. 970.

### ON SUBSTITUTION OF ATTORNEYS.

Attorneys' Fees—Court.

    1. The court will not decide the value of legal services rendered by an attorney unless the matter is formally brought in a suit, or is submitted informally by consent of attorney and client.

Same—Application of Client.

    2. Where a client makes application for the discharge of an attorney, and the court has granted the application conditional on settlement of fees of the attorney, it will decide upon the amount of fees only upon application of client.

Same—Bond.

    3. The court would permit such substitution upon the client's filing a proper bond to pay the fees which may be determined.

Opinion filed July 20, 1914.

*Mr. Eugenio Benitez* for plaintiff.

*Mr. E. B. Wilcox, pro se.*

HAMILTON, Judge, delivered the following opinion:

This matter divides itself according to two points of view.
1. In the first place, considering it generally, the motion

Rios v. J. Palou & Co.

seeks to impose a very delicate duty upon the court. The court is very reluctant to say what the fees of attorneys should be in any case. If one man or one woman has a claim against another, the way to settle it, of course, is through a procedure at law, and, under the Federal Constitution, it is a matter that must be tried by a jury if it is a matter of fact as to what the contract is and whether it has been performed and how far and so on. I have very strong doubts whether I would have the power to fix fees any more .than other debts. On the other hand, if the matter were submitted to me by agreement, I presume that I could go ahead and do so. But officers of the court, attorneys, stand in a special relation to the court, and it would be a very dangerous procedure I should think. Here are a number of cases involving real estate and contracts of different sorts, and it would be rather dangerous, certainly invidious, for the court to decide upon them. Would the parties be willing to have the whole matter referred to the Grievance Committee of the Federal Bar Association and have it determined? If so, the court would be very glad to enter any order that would carry out the report of that Grievance Committee. You may not appreciate it, gentlemen, but it is a very delicate matter to ask the court to fix your fees, and it certainly could not be expected to do it upon a motion by one side.

2. All I can do at present is to refuse this motion and say that the court has permitted Mrs. Rios to make the substitution of attorneys upon paying or securing certain fees, and that so far that has not been done. I think the application is made by the wrong party. Mrs. Rios is the one who wants to make the substitution and is the one to apply to fix fees. If you agree upon the amount in this case, which is the only one

before me, I will be glad to enter an order accordingly, but apparently at present you have not; so I refuse the motion for the present. Mr. Wilcox is the only attorney that the court can recognize until the court's order is carried out.

3. It seems that there is another solution. The rule of court and the order of the court the other day was that the substitution would be permitted upon the payment or securing of the proper fees. Now it seems to be that Mrs. Rios could give some satisfactory bond or security that she will pay whatever shall be determined to be the proper fees of Mr. Wilcox, without any prejudice, whether it is $100 or $1,500, and upon that being presented in court by consent I should have to allow the substitution.

So I will give you three options; either agree on the amount, which apparently you do not do; or I will leave the whole matter to the Grievance Committee or such members of it as are accessible; or Mrs. Rios may file such an obligation, and, if the clerk tells me it is satisfactory as to sureties and so on, I will grant the order. But until you agree on a course, I cannot recognize a new attorney.